470 P.2d 678

**In the Matter of Norman F. WYKOFF, a Member of the State Bar of Arizona.**
**No. 9999.**

Supreme Court of Arizona,
In Banc.
June 19, 1970.

Norman F. Wykoff, in pro. per.

Samuel P. Applewhite, III, Phoenix, for State Bar of Arizona.

PER CURIAM.

On December 4, 1969 the local administrative committee made the following Findings and Recommendations:

"FINDINGS:

On or about February 12, 1968, Respondent undertook to represent JOHN C. GLANCY in divorce proceedings against his wife, JEAN M. GLANCY, and Respondent filed an action in the Superior Court of the State of Arizona, Maricopa County, No. D–101168, and in connection with such representation Respondent requested and received the sum of $25.00 deposit for costs at the time of filing the action and subsequently received the sum of $100.00 toward fees.

The Defendant, JEAN M. GLANCY, by and through her attorneys, filed a counterclaim in said action. Respondent failed to make any reply thereto and failed to notify his client, JOHN C. GLANCY, of the time and place of a hearing with respect to the complaint and counterclaim.

Default was entered against the Plaintiff, JOHN C. GLANCY, on said counterclaim and a Decree of Divorce was entered by the said Superior Court on or about June 17, 1968. Said Decree also adjudicated certain support and property matters.

Respondent abandoned representation of his client, JOHN C. GLANCY, without just cause and to the prejudice of said client, by filing no reply to the counterclaim, by the subsequent default and by failing to advise his client of or to attend the subsequent hearing, and that the said client was unable to provide either effective or other representation.

**66**

The Respondent has not refunded to his client, JOHN C. GLANCY, any portion of the monies paid to him.

The Respondent has engaged in unprofessional and unethical conduct in violation of his duties as an attorney and in violation of the canons and ethics of the profession of an attorney at law, including Canon 44 of the Canons of Professional Ethics and Section 32-267, subsec. 8, Arizona Revised Statutes.

RECOMMENDATIONS:

That Respondent be reprimanded."

Thereafter the Board of Governors affirmed the Findings and Recommendations of the local administrative committee. Although he had appeared and testified at the hearing conducted by the local committee, Respondent, who is 85 years of age, neither filed a statement in opposition to the committee's Findings and Recommendations, nor requested to be heard orally before the Board of Governors.

It is the decision of the Court that the Respondent be and he is hereby reprimanded.